**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**LLEWELLYN GEORGE,**

                 **Plaintiff,**          06-CV-0775A(Sr)

v.

**DAVID F. NAPOLI, et al.,**

                 **Defendants.**

---

**DECISION AND ORDER**

This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #10. Currently before the Court is plaintiff's application, a handwritten letter dated March 6, 2009, for appointment of counsel pursuant to 28 U.S.C. § 1915(e). Dkt. #44.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

    1.    Whether the indigent's claims seem likely to be of substance;

    2.    Whether the indigent is able to investigate the crucial facts

> concerning his claim;
>
> 3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;
>
> 4. Whether the legal issues involved are complex; and
>
> 5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law. Plaintiff alleges that while an inmate at the Southport Correctional Facility defendants retaliated against him by interfering with his outgoing mail, denied

him postage advances, filed false disciplinary charges against him, and forged and fabricated documentation with respect to mail services and postage advances in violation of his rights under the First, Fifth and Fourteenth Amendments to the United States Constitution.  Dkt. #5.

In support of his request for appointment of counsel, plaintiff claims that he is unable to "prepare and submit my response to the defendants [sic] motion for summary judgement [sic], because I do not have the funds required to make photocopies and pay for postage of bulk mail." Dkt. #44.  Based on the foregoing, plaintiff requests that this Court grant his application for assignment of counsel, "due to exceptional circumstances." *Id*.

A review of the instant motion reveals that plaintiff has not established that the appointment of counsel is warranted at this time under the factors set forth above.   Moreover, a review of plaintiff's complaint reveals that plaintiff has more than capably articulated his legal theories to the Court and there is nothing in the record before this Court to allow this Court to conclude that the factual and legal issues presented in this matter are complex and that plaintiff is unable to represent himself. Accordingly, plaintiff's motion for appointment of counsel (Dkt. #44), is denied without

prejudice at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

        **SO ORDERED.**

DATED:    Buffalo, New York
               April 14, 2009

                                              **s/ H. Kenneth Schroeder, Jr.**
                                              **H. KENNETH SCHROEDER, JR.**
                                              **United States Magistrate Judge**